## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-CV-595 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | |
| SIX THOUSAND FIVE HUNDRED | : | **VERIFIED COMPLAINT FOR** |
| DOLLARS IN UNITED STATES | : | **FORFEITURE IN REM** |
| CURRENCY ($6,500.00), | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1.      This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### THE DEFENDANT IN REM

2.      The defendant is Six Thousand Five Hundred Dollars in United States Currency ($6,500.00) ("defendant currency").   On or about March 21, 2018, the Drug Enforcement Administration seized the defendant currency, from a vehicle operated by David Kemp and/or from his person, in the area of 1347 Hopple Street, Cincinnati, Ohio.   The United States has

deposited the defendant currency into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency pursuant to 21 U.S.C. § 881(a)(6).   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has *in rem* jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant currency was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6.      The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

## FACTS

7.      The Drug Enforcement Administration ("DEA") is investigating an organization which is believed to be involved in a conspiracy to distribute heroin, fentanyl, and cocaine in the Southern District of Ohio and elsewhere.   Law enforcement officers have identified David Kemp

as an individual involved in the distribution of fentanyl.

8.      David Kemp has a history with the DEA.    On February 10, 2009, agents and law enforcement officers from the DEA Cincinnati Resident Office arrested David Kemp for his participation in a conspiracy to possess with intent to distribute approximately five kilograms of cocaine.    On October 6, 2009, Kemp pled guilty to Conspiracy to Possess with Intent to Distribute in Excess of 500 Grams of Cocaine in the United States District Court for the Southern District of Ohio.    (Case No. 1:09-CR-020-3.)    The Court sentenced Kemp to seventy-eight month in prison, followed by five years of supervised release.    Kemp also was convicted of Possession of Cocaine in June 2002.

9.      On March 21, 2018, law enforcement officers with the Cincinnati Police Department ("CPD") conducted surveillance near the 1700 block of Knob Court in Cincinnati, Ohio, an area known for the high frequency of drug trafficking.    While driving in an unmarked vehicle, officers observed David Kemp parked at the curb in a rented 2018 Hyundai Sonata. Kemp later pulled away from the curb and appeared to perform counter-surveillance.    For example, as soon as one of the undercover surveillance units parked down the street, Kemp drove next to the undercover vehicle and peered into the vehicle in an apparent attempt to identify any law enforcement surveillance officers.    Officers observed Kemp drive back to his original location where he briefly spoke to several individuals in vehicles that approached him.

10.      Officers then observed a gray Infiniti pull up next to Kemp, who was parked along the street.    After a brief meeting, the Infiniti drove down the block and backed into a parking spot. Kemp also drove away and backed his vehicle into a parking spot next to the Infiniti.    Officers observed the unidentified driver of the Infiniti meet with Kemp outside the vehicles.    After approximately three minutes, Kemp and the driver of the Infiniti returned to their respective

3

vehicles and departed the area. Based on the training and experience of the officers, Kemp's brief meetings with multiple individuals appeared to be indicative of the exchange of drugs and/or money.

11. Officers initiated a traffic stop, on Kemp for driving under suspension, in the area of 1347 Hopple Street, Cincinnati, Ohio. As officers approached the vehicle to speak with Kemp about his suspended driver's license, they smelled marijuana coming from the vehicle. As a result, officers conducted probable cause searches of the vehicle and its occupants.

12. After Kemp was removed from the vehicle, an officer conducted a pat down of Kemp and located approximately $3,000.00 in United States currency in his front pants pocket. Kemp was placed into the uniform vehicle while the other occupants were removed from the rental vehicle. Officers identified Lashawn Lewis, Anthony Wilson, and Lorenzo McMullen as the passengers of the vehicle. All of these individuals have extensive criminal histories that include drug violations.

13. Officers then searched the inside compartment of the vehicle for the source of the marijuana odor and located numerous bundles of currency inside the center console of the vehicle. The currency totaled approximately $10,000.00 and was wrapped in black rubber bands in a manner consistent with how drug traffickers wrap and sort their drug proceeds. Officers also found a pack of rubber bands and three mobile phones.

14. Initially, Kemp claimed that the currency belonged to him and was derived from rental income. When confronted with what officers had observed during surveillance on Knob Court, Kemp explained that he was just hanging out on the block smoking "weed" with friends.

15. Task Force Agent ("TFA") Kenneth Baker of the DEA spoke to Kemp about the currency that officers found in the vehicle and on his person. Kemp stated that he was going to

use the money to fix a property that he owns. When asked if the money came from a bank, Kemp stated, "Yes" and then changed his answer to "No." Kemp appeared nervous and would not clarify the origin of the money other than to state that he brought it from home.

16.     TFA Baker explained to Kemp that he was a target of a federal investigation and that several individuals recently had been arrested in a federal conspiracy case. Kemp stated that he had nothing to do with those individuals. Kemp then changed his statement about the currency and explained that he recently was given part of the currency by his brother. Kemp stated that his brother's name is "Mike," but he did not provide TFA Baker with an intelligible last name. When asked exactly how he made the money, Kemp became very nervous.

17.     TFA Baker informed Kemp that he knew Kemp had not declared any income for the past four years on his income taxes. Kemp admitted that he did not file any income taxes and had no proof of income. Once again, TFA Baker asked Kemp how he made the money. Kemp stated, "It came from my house." At that point, it appeared Kemp was trying to mislead TFA Baker to avoid answering the specific question of how he generated the money.

18.     TFA Baker then questioned Kemp about the cell phones and package of rubber bands found inside the vehicle next to the money in the center console. Kemp denied any knowledge of the "flip" cell phone and rubber bands but claimed that the two smart phones belonged to him. According to Kemp, the flip phone and rubber bands may have come with the rental car.

19.     Officers asked passengers Lashawn Lewis, Anthony Wilson, and Lorenzo McMullen about the flip phone, and no one claimed ownership of it. The passengers also denied any knowledge or ownership of the United States currency.

20.     TFA Baker seized the currency and later learned that the currency totaled

$13,869.00, which was in the following denominations.

| DENOMINATION | QUANTITY |
|---|---|
| $100 | 25 |
| $50 | 14 |
| $20 | 494 |
| $10 | 78 |
| $5 | 1 |
| $1 | 4 |

21.    Narcotics trafficking is a cash business.    As indicated above, the majority of the currency was in small denominations, which is consistent with street-level narcotics trafficking.

22.    The 2018 Hyundai Sonata is a rental vehicle owned by EAN Holdings, LLC DBA Enterprise Rent-A-Car.    Upon further investigation, TFA Baker learned that Kevin Benford had rented the vehicle, which was driven by David Kemp under suspension.

23.    On March 26, 2018, the DEA obtained federal search warrants for the cell phones that were recovered during the traffic stop of Kemp.    The search of the flip phone revealed several text conversations that are indicative of common jargon related to drug sales.

24.    Kevin Benford submitted a claim to the DEA, asserting an interest in $6,500.00 of the $13,869.00 that was seized.    In his administrative claim, Benford stated that the $6,500.00 was his personal money used for business expenses.

25.    Benford's criminal history consists, among other things, of convictions for trafficking in drugs, robbery, and carrying a concealed weapon.

26.    By reason of the facts set forth herein, the defendant currency is properly condemned and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

(a)     pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant currency and to retain the same in its custody subject to further order of the Court;

(b)     the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant currency to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c)     the forfeiture of the defendant currency to the United States be confirmed, enforced, and ordered by the Court;

(d)     the Court thereafter order the United States to dispose of the defendant currency as provided by law; and

(e)     the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax (513) 684-6385
Deborah.Grimes@usdoj.gov

<u>VERIFICATION</u>

I, Kenneth R. Baker, hereby verify and declare under the penalty of perjury that I am a Task Force Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated  8-22-2018

KENNETH R. BAKER, Task Force Agent
Drug Enforcement Administration

8

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Six Thousand Five Hundred Dollars in United States Currency ($6,500.00) |

| (b) County of Residence of First Listed Plaintiff   **Hamilton** | County of Residence of First Listed Defendant   **Hamilton** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Deborah D. Grimes, Assistant United States Attorney 221 E. Fourth Street, Suite 400 Cincinnati, Ohio 45202   (513) 684-3711 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/22/18 | *Deborah Grimes* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____